## HEIRS OF JOSEPH THOMAS *v.* JOHN M. PHILLIPS.

It would introduce infinite public mischief, were the court to decide that the confirmations by the commissioners and Congress, made expressly to those who claim by derivative title, did not operate to their own use.

If the adjudication by a commissioner in favor of the claimant, duly authorized by Congress to make such a decision, would be final, the court cannot perceive why a decision and confirmation by Congress itself, should not be equally valid and final.

APPEAL from the District Court of the Parish of Catahoula, *Barry*, J. *McGuire* and *Ray*, for plaintiff. The decisions relied on by the judge, are *Purvis* v. *Harmanson*, 4 Ann. 422. *Lobdell* v. *Clark*, 4 Ann. 99. *Strother* v. *Lucas*, 12 Peters, 458. *Le Bois* v. *Bramell*, 4 Howard, 449.

We contend that this case differed materially from those cited; they were confirmed by acts of Congress, based upon reports of commissioners vested with powers to hear, decide and adjudicate upon the validity of the claims and the transfers thereof. In some of those cases the court gives this as a reason for their decision. The powers vested in those commissioners are to be found in Land Laws and Opinions, vol. 1, p. 122, No. 74, s. 5, May 2d, 1805; p. 154, No. 94, s. 4, March 3d, 1807; p. 228, No. 151, s. 3, February 27, 1813; p. 242, No. 162, s. 3, April 12, 1814; p. 247, No. 166, April 18, 1814.

We think the old decisions are correct in relation to this case; that the confirmation inures to the benefit of *Thomas*, unless a transfer to *Henry* is proven. *Thomas* v. *Tunley*, 3 R. R. 212. *Bradley's Heirs* v. *Calvit*, 5 M. R. 662. *Sanchez* v. *Gonzales*, 11 M. R. 207. *Sackett* v. *Hooper*, 3 L. R. 107. There has not been any evidence offered either in court or in the Land Office, of any transfer to *Henry*, or any occupancy by him.

The deed from *Turnley* and *Walton* to *Philips*, subrogated him to their rights of warranty on *Mrs. M'Cluer*. The deed from *Mrs. M'Cluer* to them was a private sale of property, belonging to an estate in which minors were interested, is a nullity, and not a sufficient basis for prescription without actual possession over thirty years. It is a nullity. *Francoise* v. *Delaronde*, 8 M. R. 629. *Green* v. *Hudson*, 7 L. R. 123. *Huey* v. *Barrow*, 4 Ann. 252. *Reeves* v. *Towles*, 10 L. R. 283. *Smith* v. *Corcoran*, 7 L. R. 49. C. C. 3449 to 3453, 3414. *Balot* v. *Morina*, 12 R. R. 559. *Bradford* v. *Cook*, 4 Ann. 231. *Williams* v. *Booker*, 12 R. R. 257. *M'Clusky* v. *Webb*, 4 R. R. 204. Actual possession is necessary to commence a prescription upon.

*Mayo* and *Curry*, for warrantors. *Phelps*, for defendant.

By the court:

DUNBAR, J. This is a petitory action, to recover a tract of land lying on Black river, in the Parish of Catahoula, containing six hundred and forty acres.

The plaintiffs, who are the heirs of *Joseph Thomas*, in their original and amended petition, claim title to this land under an act of Congress of the 28th February, 1823, which confirmed it to *John Henry*, upon *D. J. Sutton's* report, as register of the land office at Monroe, Louisiana, January 1st, 1821. They allege, that although it is true that the confirmation was thus made to *John Henry*, founded on a settlement and cultivation by *Joseph Thomas*, prior to the 20th December, 1813, and by conveyance from said *Thomas* to the claimant, yet in truth there never was any assignment of the claim by *Joseph Thomas to John Henry*; and on the trial of the cause, the plaintiffs introduced proof, that no evidence now exists, in the land office at Monroe, of any such assignment. This is proved by a certificate of the present register at that office, dated May 31st, 1851.

The defendant sets up title under the said *John Henry*. There was a verdict and judgment in his favor in the district court, and the plaintiffs have appealed.

On the trial of this cause, the district judge instructed the jury, "that by the confirmation, the title to the land in controversy was vested in *John Henry ;* and unless the plaintiffs showed title through him since the confirmation, they could not recover." To this charge the plaintiffs took their bill of exceptions. We think the district judge did not err in this instruction, and this is indeed the only question to be decided in this cause. We still adhere to the opinions heretofore expressed by this court, in *Purvis* v. *Harmanson*, 4 Ann. 422, and *Lobdell* v. *Clark*, Ib., 99, and are yet disposed to follow the doctrine so often reiterated and affirmed by the Supreme Court of the United States, " that it would introduce infinite public mischief, were we to decide that the confirmation by the commissioners and Congress, made expressly to those who claim by derivative title, did not operate to their own use." *Strother* v. *Lucas*, 2 Peters, 458. *Marie Niccolle Les Bois* v. *Samuel Bramel*, 4 Howard, 449.

But the plaintiffs' counsel contends, that the act of Congress of May 11th, 1820, only authorized the register to receive evidence of the claim, to record the same, and send copies thereof, with his opinion as to the credibility of the evidence, to the Secretary of the Treasury, on or before the 1st January, 1821, but that there was no provision in that act, authorizing the register to adjudicate upon the claim. We cannot see that this alters the case. If the adjudication by a commissioner, in favor of the claimant, duly authorized by Congress to make such a decision, would have been final, we cannot perceive why a decision and confirmation by Congress itself, should not be equally valid and final.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.